UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | JUDGE DONALD C. NUGENT |
| ) | |
| Plaintiff, ) | CASE NO.1:17 CR 207 |
| ) | |
| vs. ) | <u>MEMORANDUM OPINION</u> |
| ) | |
| Michael T. Tarter, Jr., ) | |
| ) | |
| Defendant. ) | |

     This matter is before the Court on Defendant Michael T. Tarter, Jr.'s Motion for Appointment of Counsel, and Motion to Vacate Under 28 U.S.C. §2255.  (ECF #35, 36).

     The United States Supreme Court has held that the right to appointed counsel extends to only the first appeal of right, and a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal.  *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341. A petitioner has no right to counsel when making a post-conviction attack on a conviction that has become final upon exhaustion of the appellate process.  *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 1991 (1987).  Further, Mr. Tarter waived his right to appeal his conviction and to challenge the conviction collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. §2255.  Therefore, Mr. Tarter has no constitutional right to counsel for his post-conviction challenge to his conviction and sentence.

     Although not required, the Court could still use its discretion to appoint counsel for post-conviction proceedings of this kind.  Under the circumstances, however, the Court finds that the appointment of counsel is not warranted.  The issues Mr. Tarter raises in his Motion to Vacate are not particularly complex, and he has not demonstrated any specific need for appointed counsel. Therefore, the Court sees no reason to justify the appointment of counsel at government expense.

Further, Mr. Tarter previously filed a motion under 28 U.S.C. §2255. Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Because the motion for which he requests counsel is a second motion under §2255, and Mr. Tarter has failed to receive authorization from the Sixth Circuit to file his Second §2255 motion, this Court is not authorized to review the motion. The Clerk of Court is directed to transfer Mr. Hackett's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## CONCLUSION

For all of the reasons set forth above, the Defendant's Motion for Appointment of Counsel (ECF #35) is DENIED, and Mr. Tarter's Motion to Vacate (ECF #36) is to be transferred to the Sixth Circuit Court of Appeals. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: September 18, 2024

2